BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $32,865.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $34,000.00 SEIZED FROM GOLDEN 1 CREDIT UNION ACCOUNT NUMBER 903648,<br><br>           Defendants. | 2:13-MC-00049-TLN-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On October 23, 2012, agents with the Yolo Narcotic Enforcement Team ("YONET") executed a state search warrant at the residence of Ryan Cacciato in Davis, California and seized approximately $32,865.00 in U.S. Currency.  On October 26, 2012, agents seized approximately $34,000.00 from Golden One Credit Union Account Number 903648 in Davis, California (hereafter both amounts referred to as the "defendant funds").  The Internal Revenue Service – Criminal Investigation ("IRS") adopted the defendant funds for federal forfeiture.  The IRS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 15, 2013, the IRS received a claim

1

from Ryan Cacciato ("Cacciato") asserting an ownership interest in the defendant funds.

2. The United States represents that it could show at a forfeiture trial that on or about October 23, 2012, YONET agents executed a state search warrant at the residence of Cacciato and found 61.1 grams of cocaine, 200.6 grams of marijuana, digital scales, packaging materials, an Iphone cell phone and indicia of Cacciato. In a safe in the closet, agents located a stack of cash totaling $32,090.00. Agents also seized $775.00 in U.S. Currency from the pants pocket of Cacciato. The aggregate total is the defendant $32,865.00 in U.S. Currency. In addition, further evidence was discovered that showed that Cacciato had over $30,000 in a bank account.

3. The United States could further show at trial that in a recorded *Mirandized* statement, Cacciato admitted to selling cocaine for about one year. Cacciato told the agents that he was a cashier at R&R Thrift store and that he made minimum wage. He also told the agents that he would sell gold that he purchased at the thrift store to pawn shops. On October 26, 2012, agents seized approximately $34,000.00 from Golden One Credit Union Account Number 903648, held in the name of Cacciato pursuant to a state Order for Seizure of Assets. Between August and October 2012, approximately $34,000.00 in cash was deposited into this account. On March 27, 2013, Cacciato entered a no contest plea in Yolo County Superior Court to charges of Possession for Sale of Cocaine and Resisting a Peace Officer in the Lawful Performance of His Duties and was sentenced to a term of two years.

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Ryan Cacciato specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Ryan Cacciato agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Ryan Cacciato acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has

any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Ryan Cacciato shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $32,865.00 in U.S. Currency and $21,500.00 of the $34,000.00 seized from Golden One Credit Union Account Number 903648, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,500.00 of the $34,000.00 seized from Golden One Credit Union Account Number 903648 shall be returned to potential claimant Ryan Cacciato through attorney Richard Lansburgh.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and

unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: May 17, 2013

Troy L. Nunley
United States District Judge

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED: May 17, 2013

Troy L. Nunley
United States District Judge